**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-1284

JOSEPH DRAPALA,

Plaintiff, Appellant,

v.

A.C. MOORE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

Christopher J. Trombetta and Law Office of Christopher J. Trombetta on brief for appellant.
Christine P. O'Hearn, Brown & Connery, LLP, Elizabeth A. Houlding, and Peabody & Arnold LLP on brief for appellee.

September 19, 2016

**Per curiam.**  Joseph Drapala appeals the district court's grant of summary judgment for his former employer, A.C. Moore, on Drapala's claim that his termination from his management-level position at age sixty-six constituted age discrimination in violation of Mass. Gen. Laws ch. 151B, § 4.[1]

The district court correctly applied the familiar burden-shifting framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Examining the record in the light most favorable to Drapala, the court found that, despite establishing a prima facie case of discrimination, Drapala could not point to any competent evidence nor indicate any disputed fact capable of showing that A.C. Moore's non-discriminatory explanation for his firing -- that he had repeatedly failed to meet the company's performance standards -- was pretextual.  Accordingly, the court concluded that A.C. Moore was entitled to summary judgment.

Upon a de novo review, we arrive at the same conclusion for the same reasons and thus we summarily affirm.  See 1st Cir. R. 27.0(c).  In doing so, we specifically note that the district

---

[1]  This claim is all that remains of Drapala's three-count complaint.  Drapala voluntarily dismissed his parallel federal claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(2), and he declined to oppose A.C. Moore's summary judgment motion as to his state-law claim of intentional infliction of emotional distress.

court properly refused to consider affidavits from individuals whom Drapala did not identify during discovery.

So ordered.